IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMOS LEE JONES, §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§ NO. 3-06-CV-1160-R<br>NATHANIEL QUARTERMAN, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division §<br>§<br>Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Amos Lee Jones, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1977, petitioner was convicted of murder and sentenced to 99 years confinement. His conviction and sentence were affirmed on direct appeal. *Jones v. State*, 582 S.W.2d 129 (Tex. Crim. App. 1979). Petitioner also filed three applications for state post-conviction relief. All three applications were denied without written order. *Ex parte Jones*, No. WR-9,882-01 (Tex. Crim. App. Jan. 21, 1981); *Ex parte Jones*, No. WR-9,882-02 (Tex. Crim. App. May 3, 1989); *Ex parte Jones*, No. WR-9,882-04 (Tex. Crim. App. May 31, 2006). Petitioner then filed this action in federal court.

II.

In three related grounds for relief, petitioner contends that the prosecutor used all of his peremptory challenges to exclude minorities from the jury and that his attorney rendered ineffective

assistance of counsel by failing to raise this issue on appeal.

By order dated August 14, 2006, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on September 1, 2006. The court now determines that this case should be summarily dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The AEDPA statute of limitations is also subject to equitable

tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

The limitations period on all of petitioner's claims started to run on April 24, 1996--the date the AEDPA became effective. Yet petitioner waited more than *10 years* to seek federal habeas relief. In an attempt to excuse this delay, petitioner argues that his sentence is void because the jury was selected in an unconstitutional manner and "[a] void sentence can never be final[.]" (Pet. Reply at 1). The court declines to toll the limitations period merely because petitioner believes he is entitled to relief. *See Utsey v. Dretke*, No. 3-04-CV-1425-D, 2004 WL 1809745 at *2 (N.D. Tex. Aug. 12, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 1944084 (N.D. Tex. Aug. 31, 2004); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional circumstance" sufficient to toll the statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000). The court therefore concludes that this case is time-barred and should be summarily dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED:   September 6, 2006.

                                           JEFF KAPLAN
                                           UNITED STATES MAGISTRATE JUDGE